## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

NOEL MARTINEZ, ET AL.

**Plaintiffs**

v.

**CIVIL NO.** 16-2430(RAM)

UNITED STATES OF AMERICA

**Defendants**

**ORDER**

RAÚL M. ARIAS-MARXUACH, District Judge

**I. BACKGROUND**

On July 10, 2019, this Court issued an order granting defendant's motion to exclude the testimony of Plaintiffs' proffered expert witness Dr. José R. Ortiz-Feliciano. (Docket No. 46). Currently pending before the Court is Plaintiffs' *Motion for Reconsideration of Opinion and Order Entered at Docket No. 46.* (Docket No. 48). After analyzing the arguments raised by the Plaintiffs as well as conducting an additional review of Dr. Ortiz-Feliciano's two-page expert report, This Court reaffirms its initial conclusion that Dr. Ortiz's testimony does **not** comply with Fed. R. Evid. 702 and Fed. R. Civ. P. 26(a)(2)(B). Plaintiff's *Motion for Reconsideration* is **DENIED.**

## II. STANDARD OF REVIEW

District courts may grant a motion for reconsideration if the moving party shows that there is "(1) newly discovered evidence that would change the result, (2) an intervening change in controlling law, or (3) the need to correct a manifest error of law or fact." Moreno-Perez v. Toledo-Davila, 266 F.R.D. 46, 48 (D.P.R. 2010) (citing Silva Rivera v. State Ins. Fund Corp., 488 F.Supp.2d 72, 78 (D.P.R. 2007)). These motions may not be used by the losing party to rehash matters previously decided by the court, repeat old arguments that have been rejected, or raise legal theories that should have been raised earlier. Sanchez Rodriguez v. Departamento de Correccion y Rehabilitacion, 537 F. Supp. 2d 295, 297 (D.P.R. 2008).

## III. ANALYSIS

Plaintiffs attempt to meet this standard by arguing that the Court has no justification to strike the expert witness testimony given that all the information required by Fed. R. Civ. P. 26(a)(2)(B) was provided, albeit not in the report. (Docket No. 48 at 7-12). Plaintiffs state that in addition to the report itself, they provided copies of the medical literature used by Dr. Ortiz-Feliciano as well as his CV, and that during his deposition Dr. Ortiz-Feliciano testified regarding the compensation he received for his report and the cases in which he has participated in the past. (Docket No. 48 at 7-8). However, the report itself does not

contain this information. (Docket No. 48-2). It is worth noting that generally, Fed. R. Civ. Proc. 26 "does not allow parties to cure deficient expert reports by supplementing them with later deposition testimony." Rodriguez v. Torres, 2015 WL 1138256, at *6 (D.P.R. Mar. 13, 2015), aff'd sub nom. Santos-Rodriguez v. Seastar Sols., 858 F.3d 695 (1st Cir. 2017) (internal citations omitted).

Despite Plaintiffs' allegations to the contrary, the report fails to identify the national standard of care. (Docket No. 48-2). Instead, after providing a brief summary of the hospital records, the report states in a conclusory fashion that "[t]his is a departure from the accepted medical practice." (Docket No. 48-2 at 2). This District has established that failing to adequately define the national standard of care consists of grounds for striking an expert witness report in medical malpractice cases. See Vargas-Alicea v. Continental Casualty Company, 2019 WL 1453070 (D.P.R. 2019) (striking an expert witness report that instead of identifying the national standard of care, only stated what the clinic should have done differently).

Moreover, Dr. Ortiz-Feliciano's report does not mention any data or medical literature, beyond the hospital records, used to sustain his contention that there was a deviation from the standard of care. To comply with Fed. R. Civ. P. 26(a)(2)(B), the report necessarily needed to include this information, not simply provide

copies of medical literature. However, the main flaw of Dr. Ortiz-Feliciano's report in this regard is not failing to mention the medical literature that he used. The fundamental issue is that it does not relate the content of the publications utilized to his belief that the national standard of care was not met. *See* <u>Vargas-Alicea v. Continental Casualty Company</u>, 2019 WL 1453070, at *2 (D.P.R. 2019) and <u>Baker v. Chevron USA, Inc.</u>, 680 F. Supp. 2d 865, 878 (S.D. Ohio 2010), <u>aff'd sub nom.</u> <u>Baker v. Chevron U.S.A. Inc.</u>, 533 F. App'x 509 (6th Cir. 2013)(striking an expert report in part because the expert "made no effort to connect the medical literature to his opinions.")

Without fundamental information such as the national standard of care and why Dr. Ortiz-Feliciano believes that there was a deviation from it, the report in question is not reliable nor helpful to the trier of fact. Thus, the report fails to comply with Fed. R. Evid. 702. In their *Motion for Reconsideration*, Plaintiffs posit that courts should not exclude debatable scientific evidence "except when defects are obvious on the face of a proffer". (Docket No. 48 at 6) (citing Margaret A. Berger, <u>Procedural Paradigms for Applying the Daubert Test</u>, 78 Minn. L.Rev. 1345, 1379–80, 1381 (1994)). This is one of those instances.

Lastly, this Court will not consider the dismissal of the case at this time given that a dispositive motion has not been filed to that end.

**IV. CONCLUSION**

For the reasons set forth herein, the Court reaffirms its determination that Dr. Ortiz-Feliciano's report and proffered testimony do not fulfill the requirements of Fed. R. Evid. 702, Fed. R. Civ. P. 26(a)(20(B) and the applicable case law. (Docket No. 46). Wherefore, Plaintiff's *Motion for Reconsideration* at Docket No. 48 is **DENIED.**

**IT IS SO ORDERED.**

In San Juan Puerto Rico, this 26th day of July 2019

S/ RAÚL M. ARIAS-MARXUACH
United States District Judge