# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

NOEL MARTINEZ, ET AL.

**Plaintiffs**

v.

UNITED STATES OF AMERICA

**Defendant**

CIVIL NO. 16-2430(RAM)

## ORDER

Before the court is *Plaintiffs' Motion for Reconsideration of Order Entered at Docket No. 61*. (Docket No. 65). Specifically, without providing any case law to support their argument, Plaintiffs contend that this Court "erred" by extending the deadline for dispositive motions and vacating the trial scheduled for October 21, 2019. (Docket No. 65 ¶ 6). Therefore, Plaintiffs request that the Order entered at Docket No. 61 be vacated. (Docket No. 65 at 3).

The Federal Rules of Civil Procedure do not provide for the filing of motions for reconsideration. However, district courts may grant a motion for reconsideration if the moving party shows that there is "(1) newly discovered evidence that would change the result, (2) an intervening change in controlling law, or (3) the need to correct a manifest error of law or fact." Moreno-Perez v. Toledo-Davila, 266 F.R.D. 46, 48 (D.P.R. 2010) (citing Silva Rivera v. State Ins. Fund Corp., 488 F.Supp.2d 72, 78 (D.P.R. 2007)).

Even in these cases, reconsideration must be seen as "an extraordinary remedy which should be used sparingly." <u>U.S. ex rel. Ge v. Takeda Pharm. Co.</u>, 737 F.3d 116, 127 (1st Cir. 2013) (internal quotation omitted). Furthermore, this District has held that a motion for reconsideration "is unavailable if said request **simply brings forth a point of disagreement between the court and the litigant**." <u>Figueroa Carrasquillo v. Drogueria Cent., Inc.</u>, 2018 WL 8584211, at *2 (D.P.R. 2018).

In their *Motion*, Plaintiffs do not demonstrate an intervening change in controlling law or that the Court committed a manifest error of law. (Docket No. 65). Plaintiffs simply state their disagreement with the Court's determination to extend the deadline for dispositive motions and vacate the pending trial. (Docket No. 65 ¶ 6). Thus, Plaintiffs did not meet the requirements for the extraordinary remedy they requested. Furthermore, the Court finds that summary judgment might expedite Plaintiffs' opportunity to pursue appellate review of the Order at Docket No. 46 striking their expert witness, as well as conserve both litigants' resources. In light of the above, the Court **DENIES** Plaintiffs' *Motion for Reconsideration* at Docket No. 65.

**IT IS SO ORDERED.**

In San Juan Puerto Rico, this 20th day of September 2019.

S/ RAÚL M. ARIAS-MARXUACH
United States District Judge